UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD AL-MEHDI,

      Petitioner,

v.

ERIC HOLDER, *et al.*,

      Respondents.
_____/

Case No. 09-14084

HONORABLE SEAN F. COX
United States District Court

## ORDER DISMISSING HABEAS CORPUS PETITION AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER FOR LACK OF JURISDICTION

On October 15, 2009, Petitioner Mohamad Al-Mehdi ("Al-Mehdi") filed a "Petition for Writ of Habeas Corpus and Request for Declaratory and Injunctive Relief" [Doc. No. 1] with this Court, seeking review by this Court of a decision by the U.S. Department of Homeland Security denying Al-Mehdi's request for a six-month stay of his deportation to Syria. Al-Mehdi's petition for writ of habeas corpus was brought pursuant to 28 U.S.C. § 2241. Al-Mehdi has also filed an "Emergency Motion for Restraining Order" [Doc. No. 2], arguing that his deportation to Syria is imminent.

In *Muka v. Baker*, 559 F.3d 480 (6th Cir. 2009), the Sixth Circuit held that the REAL ID Act of 2005, 8 U.S.C. § 1252 *et seq.*, foreclosed habeas relief for deportable aliens challenging removal orders under 28 U.S.C. § 2241. "The REAL ID Act of 2005 clearly eliminated a habeas petition as a means for judicial review of a removal order." *Muka*, 559 F.3d at 483, citing *Jaber v. Gonzales*, 486 F.3d 223, 230 (6th Cir. 2007). The Sixth Circuit went on to explain that, in passing the REAL ID Act of 2005, Congress explicitly stripped the power of Article III courts to

1

entertain habeas petitions: "Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision. . . to review such an order [for removal]." *Id*., quoting 8 U.S.C. § 1252(b)(9).

In the instant case, Al-Mehdi seeks review by this Court, under 28 U.S.C. § 2241, of an order by the U.S. Department of Homeland Security ordering his removal from the United States. As explained by the Sixth Circuit in *Muka*, this Court lacks subject matter jurisdiction over Al-Mehdi's claims. For this reason, Al-Mehdi's "Petition for Writ of Habeas Corpus" [Doc. No. 1], and his "Emergency Motion for Restraining Order" [Doc. No. 2] are **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager